**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| E-LINK TECHNOLOGY CO., LTD.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SHENZHEN UNI-SUN ELECTRONICS CO., LTD., and Unknown Persons and/or Entities doing business under Amazon Seller IDs "FEISHAZO", "LEMONGREEN", AND "JIANGKUN"<br><br>　　　　　　　　Defendants. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff E-Link Technology Co., Ltd. ("E-Link"), by its attorneys, for its Complaint against Defendants Shenzhen Uni-Sun Electronics Co., Ltd ("Uni-Sun") and the Unknown Persons and/or Entities doing business under Amazon Seller IDs "FEISHAZO", "LEMONGREEN" and "JIANGKUN" (collectively, the "Amazon Defendants" and with Uni-Sun, collectively, "Defendants"), states as follows:

**NATURE OF THE CASE**

1.　　This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

**PARTIES**

2.　　E-Link is a company organized and existing under the laws of China, with its principal place of business at A1 Block, Shi'ao 2nd Industrial Park, Langjing Road, Dalang, Longhua, Shenzhen, China, 518109.

3.　　On information and belief, Uni-Sun is a company organized and existing under the laws of the People's Republic of China, with its principal place of business at Bldg. A, No.

15

43 Lan Er Road, Long Xin Community, Longgang District, Shenzhen, Guangdong, China 518116.

4. Uni-Sun is the owner of the US Trademark applications SISIGAD and FLYING-ANT. A true and correct copy of the U.S. Trademark Application records of SISGAD and FLYING is attached as Exhibit 1 to this Complaint.

5. On information and belief, Uni-Sun manufactures and/or induces a third party to manufacture hoverboard products under trademarks or brands such as SISIGAD, FLYING-ANT and BENEDI (the "Uni-Sun Hoverboards").

6. On information and belief, Uni-Sun, itself, or through its subsidiaries and/or affiliates, imports the Uni-Sun Hoverboards into the United States, and offered to sell, sold, and/or distributed the Uni-Sun Hoverboards in the United States.

7. The Amazon Defendants are the Unknown Persons and/or Entities that promoted, offered for sale, sold, and distributed products infringing E-Link's patent rights, within this District and elsewhere, through the Internet-based e-commerce store Amazon.com ("Amazon") and using Amazon seller identities ("Seller ID").

8. Amazon Seller ID "FEISHAZO" ("Amazon Defendant 1") is a person or entity of unknown identity, citizenship and residence.

9. On information and belief, Amazon Defendant 1 is an Amazon seller known by its Amazon Seller ID, and is a foreign person or entity selling Uni-Sun Hoverboards under a brand name FLYING-ANT, a product that is manufactured in China and sold or offered for sale in the United States through the Amazon website.

10. Amazon Defendant 1 offered to sell, sold, and/or distributed the Uni-Sun Hoverboards under the brand name FLYING-ANT in the United States. Ex. 2 (Amazon Defendant 1 offering to sell the Uni-Sun Hoverboards under the Brand name FLYING-ANT on its Amazon

15

seller page); Ex. 3 (Amazon order confirming purchase of the Uni-Sun Hoverboards from Amazon Defendant 1 by a resident located in this District).

11. Amazon Seller ID "LEMONGREEN" ("Amazon Defendant 2") is a person or entity of unknown identity, citizenship and residence.

12. On information and belief, Amazon Defendant 2 is an Amazon seller known by its Amazon Seller ID, and is a foreign person or entity selling Uni-Sun Hoverboards under a brand name SISIGAD, a product that is manufactured in China and sold or offered for sale in the United States through the Amazon website.

13. Amazon Defendant 2 offered to sell, sold, and/or distributed the Uni-Sun Hoverboards under the brand name SISIGAD in the United States. Ex.4 (Amazon Defendant 2 offering to sell the Uni-Sun Hoverboards under the brand name SISIGAD on its Amazon seller page); Ex. 5 (Amazon order confirming purchase of the Uni-Sun Hoverboards from Amazon Defendant 2 by a resident located in this District).

14. Amazon Seller ID "JIANGKUN" ("Amazon Defendant 3") is a person or entity of unknown identity, citizenship and residence.

15. On information and belief, Amazon Defendant 3 is an Amazon seller known by its Amazon Seller ID, and is a foreign person or entity selling Uni-Sun Hoverboards under a brand name BENEDI, a product that is manufactured in China and sold or offered for sale in the United States through the Amazon website.

16. Amazon Defendant 3 offered to sell, sold, and/or distributed the Uni-Sun Hoverboards under the brand name BENEDI in the United States. Ex. 6 (Amazon Defendant 3 offering to sell the Uni-Sun Hoverboards under the brand name BENEDI on its Amazon seller page); Ex. 7 (Amazon order confirming purchase of the Uni-Sun Hoverboards from Amazon Defendant 3 by a resident located in this District).

## JURISDICTION AND VENUE

17. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under 35 U.S.C. § 271 for patent infringement.

18. The Court has personal jurisdiction over Defendants because, as described further below, Defendants have committed and continue to commit acts of patent infringement within the State of Illinois and has thus established minimum contacts such that the exercise of personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice. Specifically, Defendants directly target consumers in the United States, including in Illinois, through both the fully interactive website at https://www.Gyroor.com (last visited December 15, 2019) and through their Amazon stores. Exs. 2 to 7.

19. Venue is proper in this judicial district under 28 U.S.C. §1400(b) and 28 U.S.C. § 1391(c)(3) because Uni-Sun is a foreign corporation with no regular and established place of business in the United States and the Amazon Defendants are, on information and belief, foreign persons or entities that have committed acts of infringement and have an established place of business in this district by selling infringing products into this district via Amazon, which is readily available and accessible to residents of this District.

## THE PATENTS-IN-SUIT

### The '081 Patent

20. The U.S. Patent Number US 10,358,081 ("the '081 Patent"), entitled "WHEELED VEHICLE AND WHEEL OF THE SAME," was duly and legally issued by the United States Patent and Trademark Office on July 23, 2019. The named inventors of the '081 Patent are Pingzhi Li, Minyi Chen, and Xihui Jiang. E-link is the assignee of the '081 Patent. A true and correct copy of the '081 Patent is attached as Exhibit 8 to this Complaint.

15

21. E-link is the lawful owner of the patent in suit and has all right, title and interest in and to the Defendants.

22. The inventions claimed in the '081 Patent relate generally to a novel wheel design of vehicles, including but not limited to: wheels on hoverboards.

23. More specifically, an invention disclosed in the '081 Patent is a wheeled vehicle and a wheel of the wheeled vehicle with a light emitting module, which includes a Light Emitting Diode (LED) light bar, a flat mirror and a two-way mirror, the LED light bar is arranged between the flat mirror and the two-way mirror; and both a mirror surface of the flat mirror and a reflective surface of the two-way mirror face the LED light bar. Ex. 8, at 1:41-48.

24. With the patented structure, the wheel appears to have LED lights extending indefinitely into the interior of the wheel (*Id*. at 2:19-36), which may be referred as the "endless lights" effect.

25. The wheel described hereinabove may be attached to, without limitations, a scooter, a balanced scooter, an electric scooter. *Id.* at 5:15-17.

## THE E-LINK PRODUCT

26. E-Link sells its patented hoverboard products under the brand name "Hyper GoGo" and other OEM brands (collectively, the "E-Link's Patented Products"), through its authorized online retailers such as those on Amazon.com (last visited December 23, 2019). Pictures of the E-Link's Patented Products under WORMHOLE brand, with wheels having the "endless lights" effect, is provided below:

15

 

27. As of the filing of this Complaint, the E-Link's Patented Products are offered for sale on Amazon between $150 and $200. For example, it is offered for sale at $189.00 with free shipping, before tax.

28. The E-Link's Patented Products embodies at least claims 1, 2, 7-11, and 18-20 of the '081 Patent.

## THE Uni-Sun Hoverboards

29. In or around November 2019, E-Link first noticed that the Amazon Defendants sold, offered to sell, and/or imported the Uni-Sun Hoverboards having a model number HY-A06 (the "Accused Products") in the United States.

30. The Accused Products are advertised, sold and/or offered to sell under different brand names from each of the Amazon Defendants' Amazon pages, as provided in Exs. 2, 4 and 6.

31. Amazon Defendant 1 sold, sells, and/or offers to sell the Accused Products in this District. Exs. 2&3.

32. Amazon Defendant 2 sold, sells, and/or offers to sell the Accused Products in this District. Exs. 4&5.

15

33. Amazon Defendant 3 sold, sells, and/or offers to sell the Accused Products in this District. Exs. 6&7.

34. Investigation shows that each of the Accused Products purchased from the Amazon Defendants was identified as Model HY-A06 and with the name of Uni-Sun, as shown in its label:



35. Further investigation shows that "SISIGAD" and "FLYING-ANT" trademark applications are owned by Uni-Sun.

36. The wheels of Accused Products copy patented elements of that of the E-Link Patented Products, as shown in the pictures below and in the claim charts attached hereto as Exhibit 8:

| E-Link Authorized Products | Uni-Sun Accused Products |
|---|---|

15



37. Amazon Defendant 1 describes the Accused Products with "[e]xcellent flashing wheel design", which "will bring you a fantastic experience." Ex. 2 at 1.

38. Amazon Defendant 2 describes the "[f]lashing motor light and the magic mirror made the wheel looks like a beautiful kaleidoscope" and encourages the customers to "ride it now and enjoy the feeling of being in a time and space tunnel!" Ex. 4 at 1.

39. Amazon Defendant 3 describes the Accused Products with "[t]he LED lights would make you feel like riding in space", and "[t]he flashing wheels make everyone can't resist it and will love it more." Ex. 6 at 1.

40. At all relevant times, each of the Accused Products has included at least a wheel

15

with a light emitting module, which includes a Light Emitting Diode (LED) light bar, a flat mirror and a two-way mirror. The LED light bar is arranged between the flat mirror and the two-way mirror; and both a mirror surface of the flat mirror and a reflective surface of the two-way mirror face the LED light bar.

41. At all relevant times, each of the Accused Products has included at least a wheel that appears to have LED lights extending indefinitely into the interior of the wheel, or the endless lights effect.

## COUNT I – DIRECT INFRINGEMENT OF THE '081 Patent

42. E-Link realleges paragraphs 1 through 39 above as though fully set forth herein.

43. In violation of 35 U.S.C. §§ 271(a) Defendants have directly infringed, and continue to directly infringe, at least Claims 1, 2, 7-11, and 18-20 of the '081 Patent, either literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing infringing hoverboard products, including the Accused Products. See Exs. 2-8.

44. Defendants, directly and/or through their subsidiaries, affiliates, agents, and/or business partners, have committed and continue to commit acts of indirect infringement, including at least claims 1, 2, 7-11, and 18-20 of the '081 Patent, pursuant to 35 U.S.C. §§ 271(b) by actively inducing the acts of direct infringement performed by others.

45. Defendants have induced and continue to induce, through affirmative acts, third-parties, such as their manufacturers, suppliers, and distributors, to directly infringe the '081 Patent by making, using, selling, and/or importing the Accused Products.

46. The affirmative acts of inducement by Defendants include, but are not limited to, any one or a combination of: (i) soliciting and sourcing the manufacture of the Accused Products; (ii) licensing and transferring technology and know-how to enable the manufacture of the Accused Products; (iii) enabling and encouraging the use, sale, or importation of the Accused

15

Products; (iv) enabling and encouraging the use, sale, or importation of the Accused Products by at least the Amazon Defendants; and (v) advertising the infringing processors and/or technology.

47. Defendants knew that the induced conduct would constitute infringement, and intended that infringement at the time of committing the aforementioned acts, such that the acts and conduct have been and continue to be committed with the specific intent to induce infringement, or deliberately avoiding learning of the infringing circumstances at the time of committing these acts so as to be willfully blind to the infringement that was induced.

48. Defendants knew or should have known that their actions of making, using, offering to sell, or selling, and/or importing the Accused Products constituted infringement of the '081 Patent.

49. E-Link is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, 284, and 285.

50. Defendants' infringement of the '081 Patent has injured and/or will continue to injure E-Link and E-Link is entitled to recover damages adequate to compensate it for Defendants' infringement, which in no event can be less than a reasonable royalty.

51. Defendants' infringement of the '081 Patent has caused and continues to cause irreparable harm to E-Link through lost sales and price erosion and E-Link is thus entitled to preliminary and permanent injunctive relief to prevent Defendants' continued infringement.

## JURY DEMAND

52. E-Link demands a trial by jury on any and all issues triable of right before a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff E-Link requests that judgment be entered in favor of E-Link and against the Defendants, and that E-Link be granted the following relief:

15

(i) A declaration that Defendants have directly infringed one or more claims of the '081 Patent, either literally and/or under the doctrine of equivalents;

(ii) A declaration that the '081 Patent is valid and enforceable;

(iii) Preliminary and permanent injunctive relief barring Defendants from continuing to make, sell, offer for sale, or import the Uni-Sun Hoverboards into the United States;

(iv) An award of damages sufficient to compensate E-Link for Defendants' infringement of the '081 Patent pursuant to 35 U.S.C. § 284;

(v) An award of prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

(vi) Treble damages for willful infringement as permitted under 35 U.S.C. § 284;

(vii) An award of attorneys' fees incurred in prosecuting this action, on the basis that this is an exceptional case provided by 35 U.S.C. § 285; and

(viii) Such other and further relief as this Court shall deem appropriate.

Dated: January 13, 2020

Respectfully submitted,

/s/ William J. Leonard
One of the Attorneys for Plaintiff

WILLIAM J. LEONARD
(Bar ID # 6225444)
WANG, LEONARD & CONDON
Attorney for Plaintiff
33 N. LaSalle Street, Suite 2020
Chicago, Illinois 60602
Direct: 312-819-4651
Cell: 312-965-0013
Fax: 312-782-1669
Email: bill.wlc@gmail.com