IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E-LINK TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN UNI-SUN ELECTRONICS CO., LTD., and Unknown Persons and/or Entities doing business under Amazon Seller IDs "FEISHAZO", "LEMONGREEN", AND "JIANGKUN", <br><br> Defendants. | Case No. 1:20-cv-00247. <br><br> Hon. John J. Tharp, Jr. |

## DECLARATION OF LIPINGZHI

I, \_\_\_LIPINGZHI\_\_, declare as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the \_\_G.M\_ of E-LINK TECHNOLOGY CO., LTD., ("E-Link"). Founded in 2008, E-Link is an company designs, manufactures and sells electric devices and toys, including but not limited, two-wheeled self-balancing scooters, also known as hoverboards.

3. Intellectual Property protection is key to E-link's market success. E-link is the owner of at least six US registered trademarks, including: "HYPER GOGO" (Registration Number 5267521), "IFANS IFANSPACE.COM" (Registration Number 5578031), "ASIWO"

1

(Registration Numbers 5729670 & 5875140), "AB ANGELBOARD" (Registration Number 5798088), and "TWO DOTS" (Registration Number 5936929). See Exhibit I for E-link's registered US trademarks.

4. E-link has applied for and been issued with at least three US patents in the field of hoverboards, including US 10,358,081 (the "'081 Patent"), US D810618, and US D780626. See Exhibit II for E-link's US patents.

5. Particularly, E-link devoted a R&D team consisting ten of its employees, approximately 6 months and $100,000 to develop the design which forms the basis of the '081 Patent.

6. The '081 Patent, entitled "WHEELED VEHICLE AND WHEEL OF THE SAME," was duly and legally issued by the United States Patent and Trademark Office on July 23, 2019. the named inventors of the '081 Patent are Pingzhi Li, Minyi Chen, and Xihui Jiang. E-link is the assignee of the '081 Patent. E-link is the lawful owner of the '081 Patent and has all right, title and interest in and to the Defendants. With the patented structure and design, the wheel appears to have LED lights extending indefinitely into the interior of the wheel, which may be referred as the "endless lights" effect, as shown in Exhibit III.

7. The hoverboards with the "endless lights" has been a great success to E-link's sales, including its sales on Amazon.

8. Despite this unique effect which sets E-link's hoverboards apart from those of its competitors, in order to attract customers and promote its sales on Amazon, E-link has been spending $500 daily on Amazon advertisements, and approximately $150,000 so far.

9. Soon after the successful launch of the hoverboards with the "endless lights" wheels, E-link noticed that other sellers started to copy the patented design of the wheels, including but not limited to: the named defendants to this case.

10. Our investigation shows that the hoverboards under the brand names BENEDI, SISIGAD, and FLYING-ANT (collectively, the "Alleged Products"), include some of the same features claimed in the '081 Patent. Further investigation shows that "SISIGAD" and "FLYING-ANT" brand names / trademarks are owned by Defendant Shenzhen Uni-Sun Electronics Co., Ltd. ("Uni-Sun"), which is a company based in China. Exhibit IV are true and correct copies of the U.S. SISIGAD and FLYING-ANT Trademark applications.

11. Defendants 1-3 listed in the Complaint, with Amazon Seller IDs "FEISHAZO", "LEMONGREEN" and "JIANGKUN", respectively, offer to sell and sell the Alleged Products through Amazon. Exhibit V are true and correct copes of Defendants 1-3 offering for sale the Alleged Products on on Amazon.

12. The Alleged Products are equipped with "endless lights" wheels that function and look exactly like the E-Link's patented design and directly compete with the E-Link's hoverboards.

13. On December 5, 2019, a person associate with me and E-Link purchased a unit of the Alleged Products from each of the Defendants 1-3. Attached as Exhibit VI are true and correct copies of the Amazon orders.

14. Although said three units of the Alleged Products were individually purchased and shipped from each of the Defendants 1-3, they are identical in model number, namely HY-A06, and labeled with Uni-Sun's tags. Exhibit VII are photos of tags and labels on the three units.

15. Sales of the Alleged Products have caused and will continue to cause E-Link to lose its market share in the hoverboard industry, which in turn could harm E-Link's goodwill and reputation.

16. Monetary damages cannot adequately compensate E-Link for ongoing infringement because monetary damages fail to address the loss of E-Link's exclusive patent rights, loss of

3

market share that E-Link may never be able to recover, and damage to E-Link's goodwill and reputation. Furthermore, monetary damages are difficult, if not impossible, to determine due to the inability to calculate measurable damage in dollars and cents caused to E-Link's loss of market share and damage to its reputation and goodwill by acts of infringement.

17. An injunction will not harm the public because there are other hoverboards available for purchase that do not infringe the '081 Patents and E-Link can supply the marketplace with additional products to prevent any shortage.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Lipingzhi*

Executed on December 26, 2019 in Shenzhen, China.