IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E-LINK TECHNOLOGY CO., LTD. <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN UNI-SUN ELECTRONICS CO., LTD., and Unknown Persons and/or Entities doing business under Amazon Seller IDs "FEISHAZO", "LEMONGREEN", AND "JIANGKUN", <br><br> Defendants. | Case No.: 1:20-cv-00247 <br><br><br> Hon. John J. Tharp, Jr. |

### DECLARATION OF HAOYI CHEN

I, Haoyi Chen, declare as follows:

1. I am one of the attorneys for Plaintiff E-Link Technology Co., Ltd. ("E-Link"). I am personally familiar with the facts stated below and, if called as a witness, could testify competently thereto.

2. I am an attorney licensed in Texas and is able to read, write and speak Chinese, which is my native language. I have personally reviewed all materials which are in Chinese and provided either in this Declaration or Exhibits attached thereto.

3. At the time drafting and executing this Declaration, I am planning to apply for appearance *pro hac vice* for this pending case, before the United States District Court for the Northern District of Illinois, Eastern Division.

1

4. The Amazon Defendants, namely, Defendants identified by their Amazon Seller IDs "FEISHAZO" (Defendant 1), "LEMONGREEN" (Defendant 2) and "JIANGKUN" (Defendant 3), create stores on Amazon with an intent to sell the Accused Products (to be defined hereafter) and attempt to avoid liability by concealing both their identities and the full scope and interworking of their operation.

5. Attached hereto as Exhibit 1 is a true and correct copy of Defendant 1 offering to sell the Accused Products on Amazon, under a brand name "FLYING-ANT".

6. Attached hereto as Exhibit 2 is a true and correct copy of Defendant 2 offering to sell the Accused Products on Amazon, under a brand name "SISIGAD".

7. Attached hereto as Exhibit 3 is a true and correct copy of Defendant 3 offering to sell the Accused Products on Amazon, under a brand name "BENEDI".

8. Each of the hoverboards purchased from the Amazon Defendants, regardless of its brand name, is labeled as model HY-A06 and with a company name of Shenzhen Uni-Sun Electronics Co., Ltd. ("Uni-Sun"), as shown in Exhibit 4.

9. The hoverboards labeled as model number HY-A06 and with Uni-Sun's name are referred as the "Accused Products".

10. By searching the SISIGAD and FLYING-ANT against the United States Patent and Trademark Office's Trdemark Electronic Search System (TESS), I am able to locate their registration information. Attached hereto as Exhibit 5 is a true and correct copy of each of the United States Trademark applications, namely, Serial No. 88335439 "FLYING-ANT" and Serial No. 88313953 "SISIGAD".

11. The owner to both trademark applications, is identified as Uni-Sun, having its address at Bldg A, No. 43, Lan Er Road, Long Xin Community, Longgang DIstrict, Shenzhen, Guangdong, CHINA 518116.

12. On information and belief, Defendant Shenzhen Uni-Sun Electronic Co., Ltd ("Uni-Sun") is located in China and has no presence in the United States. Attached hereto as Exhibit 6 are true and correct copies of the"Product Center > Hoverboards (产品中心>平衡车)"，"About us (关于我们)" and "Contact Us(联系我们)" webpages from the Uni-Sun website (hkunisu.com) (last visited January 5, 2020).

13. Uni-Sun's website provides that Uni-Sun is translated from its Chinese name "深圳市联旭电子有限公司".

14. Uni-Sun's website provides that its physical address is 深圳市龙岗区龙岗街通龙新社区兰二路43号A栋, which is the exact translation of Uni-Sun's address provided in trademark applications for FLYING-ANT and SISIGAD.

15. Uni-Sun's Website provides that its contact email address is info@hkunisun.com.

16. Uni-Sun makes, uses, sells, offers to sell, and/or imports the Accused Products in the United States.

17. I understand that Amazon sellers who sell infringing products use a variety of tactics to evade enforcement efforts. Specifically, infringers like Defendants 1-3 in the present case may register new online marketplace accounts under new aliases once they receive notice of a lawsuit.

18. I also understand that once notice of a lawsuit is received, infringers such as Defendants 1-3 often move funds from their Amazon accounts to off-shore bank accounts outside the jurisdiction of this Court.

19. For these reasons, in the absence of an *ex parte* Order, Defendants could and likely would modify registration data and content and move any assets from accounts in U.S.-based financial institutions, including Amazon accounts, to offshore accounts.

20. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters (the "Hague Convention"), to which China is a signatory. The Hague Convention does not preclude service by email, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit email service.

21. Additionally, according to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters is attached hereto as Exhibit 7.

22. I have researched whether the issuance of an order to serve process upon the Defendants by electronic mail pursuant to Fed. R. Civ. P. 4(f)(3) is contrary to or likely to offend the law of the People's Republic of China (the "PRC").

23. Chapter VII, Section 2, Articles 84 to 92 of the current Civil Procedure Law of the PRC, which was amended on July 1, 2017, govern service of process. The corresponding Articles does not preclude the service of process by email. Especially, Article 92 of the law provides that, if the whereabouts of a recipient of the service is unknown, or if a document cannot be served by the other methods reflected in Chapter VII, Section 2 of this law, a document shall be served by public announcement, a method even less likely to reach a defendant than service by email.

5

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 6, 2020 in Houston, Texas.            /s/ Haoyi Chen
                                                                                                  Haoyi Chen