IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E-LINK TECHNOLOGY CO., LTD. <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN UNI-SUN ELECTRONICS CO., LTD., and Unknown Persons and/or Entities doing business under Amazon Seller IDs "FEISHAZO", "LEMONGREEN", AND "JIANGKUN", <br><br> Defendants. | Case No.: 1:20-cv-00247 <br><br> Hon. John J. Tharp, Jr. |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

I.    INTRODUCTION

Plaintiff E-LINK TECHNOLOGY CO., LTD. ("E-LINK") brings the present action against the Defendants for patent infringements. As alleged in E-LINK's Complaint, the Defendants have infringed and continue to infringe U.S. Patent Number US10,358,081 (the "'081 Patent") directly and/or indirectly, by making, using, selling, offering for sale, and/or importing into the United States the hoverboards with a model number HY-A06 (the "Accused Products").

II.    STATEMENT OF FACTS

On January 22, 2020, this Court granted E-LINK's Motion for a Temporary Restraining Order ("the TRO"). Docket Entry No. 15. The TRO authorized E-LINK to provide notice of these proceedings and the preliminary injunction hearing to Defendants by sending an e-mail to

the e-mail addresses identified in the TRO and any e-mail addresses provided for Defendants by third parties.

E-LINK respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the importation, distribution, offering for sale, and sale of the Accused Products during the pendency of this litigation. As part of the Preliminary Injunction, E-LINK requests that Defendants' PayPal and Amazon accounts remain frozen until completion of these proceedings.

III. ARGUMENT

    A. A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

B. The Equitable Relief Sought Remains Appropriate

Section 283 of the Patent Act authorizes courts to issue injunctive relief "in accordance to the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

(1) The Sale Restraining Order Remains Appropriate

E-LINK seeks a conversion of the TRO entered by this Court on January 8 2020, allowing E-LINK to enjoin Defendants' sales and offers for sale of the Accused Products. To prevent the Defendants from further manufacture, importation, distribution, offering for sale, and sale of the Accused Products and to provide notice to Defendants regarding these proceedings, E-LINK respectfully requests that the injunctive relief already awarded be extended through the pendency of this case.

(2) The Domain Name Restraining Order Remains Appropriate

E-LINK also request Defendants' domain name(s) remain untransferable. To prevent the Defendants from further manufacture, importation, distribution, offering for sale, and sale of the Accused Products and to provide notice to Defendants regarding these proceedings, E-LINK respectfully requests that the injunctive relief already awarded be extended through the pendency of this case.

(3) The Asset Restraining Order Remains Appropriate

E-LINK also requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions to an offshore account. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

In addition, and as established in E-LINK's TRO Memorandum, many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992).

As such, an order continuing to freeze the Defendants' assets should be granted.

IV. CONCLUSION

In view of the foregoing, E-LINK respectfully requests that this Court enter the preliminary injunction.

Dated: February 3, 2020

Respectfully submitted,

/s/ William J. Leonard
William J. Leonard
Wang, Leonard & Condon
33 North LaSalle Street, 2020
Chicago, IL 60602
Phone: (312)782-1668
Email: bill.wlc@gmail.com

*ATTORNEYS FOR PLAINTIFF*
*E-Link Technology, Co., Ltd..*

CERTIFICATE OF SERVICE

      I hereby certify that on February 3, 2020, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, and I will send an e-mail to the e-mail addresses identified in the TRO and any e-mail addresses provided for Defendants by third parties.

                                                 /s/ *William J. Leonard*
                                                 William J. Leonard