IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E-LINK TECHNOLOGY CO., LTD. <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN UNI-SUN ELECTRONICS CO., LTD., and Unknown Persons and/or Entities doing business under Amazon Seller IDs "FEISHAZO", "LEMONGREEN", AND "JIANGKUN", <br><br> Defendants. | Case No.: 1:20-cv-00247 <br><br> Judge John J. Tharp, Jr. |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on E-LINK TECHNOLOTY CO., LTD.'s ("E-LINK") motion for a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the Defendants.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois, offering to sell and/or ship products into this Judicial District. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can and have purchased products, which infringe U.S. Patent Number US 10,358,081.

This Court further finds that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation

and that issuing this Order pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts and accompanying evidence, in this and previous motions, clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

   a. offering for sale and selling the HY-A06 model hoverboards or colorable variations thereof;

   b. importing into the United States the HY-A06 model hoverboards or colorable variations thereof;

   c. passing off, inducing, or enabling others to sell or pass off the HY-A06 model hoverboards or colorable variations thereof;

   d. further infringing Plaintiff's '081 Patent and damaging Plaintiff's goodwill; and,

   e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the HY-A06 model hoverboards or colorable variations thereof.

2. Amazon.com shall within three (3) business days of receipt of this Order, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale the HY-A06 model hoverboards or colorable variations thereof.

3. The domain name registries for the Defendant's domain name(s), within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall make the domain name(s) untransferable until further ordered by this Court.

4. Amazon.com shall, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, make the Defendants' Amazon Seller ID(s) untransferable until further ordered by this Court.

5. Amazon.com shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

    b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Defendants' financial accounts, including Defendants' sales and listing history related to their respective Amazon Seller IDs; and,

    c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. PayPal, Inc. ("PayPal") shall, within two (2) business days of receipt of this Order, for any of the Defendants:

    a. locate all accounts and funds connected to and related to Defendants, Defendants' Amazon Seller IDs or Defendants' website(s), including, but not limited to, any PayPal accounts connected to and related to the Defendants; and,

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Amazon Payments, Inc. ("Amazon") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, identify and restrain all funds, as

5

opposed to ongoing account activity, in or which hereafter are transmitted into the Amazon accounts related to Defendants, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other Amazon accounts subject to this Order; and (iii) any other Amazon accounts tied to or used by any of the Defendants; Amazon shall further, provide Plaintiff's counsel with all data which (i) identifies the financial account(s) which the restrained funds are related to, and (ii) details the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by Amazon for any purpose (other than pursuant to a chargeback made pursuant to Amazon's security interest in the funds) without the express authorization of this Court.

       8. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant, shall within two (2) business days of receipt of this Order:

       a. locate all accounts and funds connected to Defendants; and

       b. restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

       9. The Ten Thousand Dollars ($10,000.00) bond shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

       10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

                                                                                    _____
                                                                                    John J. Tharp, Jr.
Dated: February 6, 2020                                         United States District Judge

5