**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| E-LINK TECHNOLOGY CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHENZHEN UNI-SUN | ) | No. 20 C 00247 |
| ELECTRONICS CO., LTD., AND | ) | |
| UNKNOWN PERSONS AND/OR | ) | Judge John J. Tharp, Jr. |
| ENTITIES DOING BUSINESS | ) | |
| UNDER AMAZON SELLER IDS | ) | |
| "FEISHAZO," "LEMONGREEN," | ) | |
| AND "JIANGKUN," | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

The defendants in this patent infringement case, a hoverboard manufacturer and associated Amazon seller accounts, have filed a motion for reconsideration of the Court's amended preliminary injunction order of May 14, 2020. For the reasons stated below, the defendants' motion for reconsideration is denied.

## BACKGROUND

Both E-Link Technology Co., Ltd. and Shenzhen Uni-Sun Electronics Co., Ltd. are Chinese manufacturers of hoverboards. The plaintiff, E-Link, owns U.S. Patent No. 10,358,081, issued July 23, 2019, for a novel design of wheels for hoverboards with LED lights that create an "endless lights" effect. Resp. Mot. Vacate at 2, ECF No. 32. This patent "claims the priority of Chinese Patent Application No. 201721814924.0 . . . which was subsequently granted and published as Chinese Patent No. 207842526U" on September 11, 2018. *Id.* at 3. While a preliminary "patent evaluation report" indicated that the Chinese patent was invalid, the Chinese National Intellectual Property Administration upheld the patent in an invalidity challenge

proceeding on August 1, 2019. *Id.* at 3-4. E-Link alleges that Uni-Sun sells infringing hoverboards with model number HY-A06 through at least the Amazon Seller IDs "FEISHAZO," "LEMONGREEN," and "JIANGKUN," which are owned by Uni-Sun. *Id.* at 2.

This Court granted the plaintiff's *ex parte* motion for a temporary restraining order on January 22, 2020, ECF No. 15. The plaintiff moved for entry of a preliminary injunction; the defendants did not appear at the motion hearing, and the Court entered the preliminary injunction order on February 6, 2020, ECF No. 19. Counsel for defendants appeared on March 27 and moved to vacate the preliminary injunction order. The Court denied defendants' motion to vacate but entered an amended preliminary injunction order on May 14, 2020, ECF No. 36. The defendants have now filed a motion for reconsideration raising three issues: the amount of the asset restraint is too high, defendants should be permitted to post a bond rather than be subject to an asset restraint, and the Court applied an erroneous standard in assessing plaintiff's likelihood of success.

## DISCUSSION

District courts have the authority to reconsider any interlocutory order prior to entry of judgment. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Motions for reconsideration are appropriate when a court has patently misunderstood a party, made a decision outside adversarial issues presented to the court by the parties, or made an error not of reasoning but apprehension. *Id.* Although motions for reconsideration are generally disfavored, a court should grant such a motion to correct a manifest error of law or fact. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).

In the amended preliminary injunction order, the Court imposed an asset restraint on each of the defendants' three Amazon accounts up to $250,000, for a total of $750,000. The defendants argue that the Court misinterpreted the $250,000 figure as defendants' annual revenue from the

allegedly infringing products, though it actually represents defendants' lifetime revenue from these products, and therefore that the amount of the asset restraint is too great. Mem. Supp. Mot. Reconsider at 4-5, ECF No. 40. The defendants do not specifically state the timeframe of this lifetime of sales. The Court notes that the Chinese patent was issued in 2018 and the U.S. patent in 2019. Mem. Supp. Mot. Vacate at 3, ECF No. 24. The plaintiff states that it first noticed the Amazon defendants selling the allegedly infringing products in November 2019. Compl. ¶ 29. The defendants previously averred that the three Amazon sellers sell 1,600 of the accused products every year, Mem. Supp. Mot. Vacate at 2, ECF No. 24, and screenshots provided by the plaintiff indicate that the price per unit is roughly $160, Compl. Exs. II-VII. By these measures, defendants' annual revenue from the allegedly infringing products would total approximately $250,000. It may be that the defendants have been selling the accused products for only one year, and thus the annual and lifetime revenues are equal. Despite the defendants' representations, it is not clear that the Court's interpretation regarding the revenue figure and the level of the asset restraint was a manifest error requiring reconsideration. Moreover, the defendants have provided no better breakdown of their sales through the Amazon accounts, and so the Court cannot assess whether the allegedly infringing sales have been made through one account or all three. Accordingly, the asset restraint as contemplated in the amended preliminary injunction order shall remain in place.

The defendants aver that instead of an asset restraint, they should be permitted to post a bond "because any restraint on the Defendants' accounts entails unintended consequences from the platform providers, which include accounts freezes, asset freezes, suspensions, and other interim and long-term punishments and penalties." Mem. Supp. Mot. Reconsider at 5, ECF No. 40. The Court previously addressed the balance of harms in denying defendants' motion to vacate the preliminary injunction order and noted that "[o]ne who elects to build a business on a product

3

found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *Windsurfing Int'l, Inc. v. AMF, Inc.,* 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986). The Court accordingly denies defendants' request to post a bond in lieu of an asset restraint.

Finally, the defendants state that the Court erroneously required them to prove invalidity to defeat plaintiff's likelihood of success argument. Defendants misread the Court's opinion: in saying "at this juncture there is no basis to infer that the '081 patent is invalid," the implication was that the defendants had raised no question, much less a substantial question, as to the patent's validity, not that defendants were required to show that the '081 patent was invalid. Arguing that the '081 patent is potentially invalid is not the same as saying that there is a substantial basis to believe that it is invalid; it simply means that the issue has not been explored or addressed.

As to the issue of whether the Chinese patent required amendment to be valid, the "patent evaluation report" in which the Chinese patent was found to be presumptively invalid was not definitive, and there is no basis provided to say that the amendments were required to make the Chinese patent valid. Defendants' argument falls short in establishing a basis to believe that the '081 patent may be invalid; saying that the Chinese patent has been amended and therefore differs from the U.S. version does not establish to any degree that the U.S. version is invalid. To the extent that the defendants complain that the Court did not consider its properly raised prior art argument, that argument was considered on the merits notwithstanding that it was made in the reply brief.

4

\* \* \* \* \*

For the foregoing reasons, the defendants' motion for reconsideration is denied.

Date: July 6, 2020

John J. Tharp, Jr.
United States District Judge